Nott, Ch. J.,
dissenting:
I am of the opinion that the proviso of the statute means no more than it sa3rs. The words "‘ to our island possessions ” import from the continent to the islands, from the United States to the Philippines, from San Francisco to Manila. Of necessity they import nothing more.
The statute recognizes an existing system for the reimbursement of officers traveling on land — mileage—and limits it to seven cents a mile over the shortest usually traveled route; the proviso carves out an exception to this established system — actual expenses when traveling on specified routes at sea, viz, to and from our island possessions in the Atlantic and Pacific. According to the well-known rule, a proviso ‘ ‘ carves special exceptions only out of the enacting clause, and those who set up any such exception must establish it as’ being within the words as. well as within the reason thereof.” (United States v. Dickson, 15 Peters, 141.)
The extended exception here to land travel does not seem to me to be within the words of the proviso, and it certainly is not within the reason thereof. The reason for mileage was to do awajT with a public expense and a personal inconvenience— the setting forth and auditing of innumerable petty disbursements. The reason for the exception for travel on the well-known waterways between the United States and our island possessions was because the expense account could be reduced to little, if anything, more than a single item — a steamer’s passage.
*82 Travel on land is travel of a certain kind and character; travel on the sea is travel of another kind and character. The proviso certainly applies to travel on the sea; and there is nothing in its language which implies' that it is to be pushed over and extended to travel of a distinct and different kind and character.
There is nothing in the enacting clause nor in the proviso which refers to an officer’s account or to his journey. There is nothing which indicates that there shall be but one kind of reimbursement for two kinds of travel. There is nothing which intimates that an officer’s account in such a case as this can not consist of only two items:
For passage from Manila to San Francisco.- . §
For mileage from San Francisco to Washington.
I perceive no “reason” in the proviso for holding that Congress intended that such an account should be—
For passage from Manila to San Francisco. §
For baggage express from steamer to hotel.50
For street car from steamer to hotel.05
For hotel one night, etc., etc., etc.
This pernicious system of presenting and auditing petty items was forever abolished, it was believed, when the Supreme Court affirmed the judgment in the case of Hutchins (151 TJ. S. R., 542); and it will require plain and unequivocal language to justify me in holding that Congress intended to reestablish it.